United States District Court
Eastern District of Michigan

The Estate of Stephanie Dawn
Mellon-Reppen, by its Personal
Representative, Abbey Reppen,

        Plaintiff,

v.

Farm Bureau General Insurance
Company of Michigan, a Michigan
insurance corporation, and
Nicholas Robert Hill,

        Defendants.

Civil No.

Honorable

Mag. Judge

---

## Notice of Removal

---

Defendant, Nicholas Robert Hill, petitioner herein, by his attorneys, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, hereby removes this action (Case No. 25-018756-NI), which is now pending in the Circuit Court for the County of Wayne for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

Plaintiff seeks to sue defendant Nicholas Robert Hill, who at all relevant times was an employee of the U.S. Drug Enforcement

Administration, which is an agency of the United States of America. This action is removable under 28 U.S.C. § 1442 and 28 U.S.C. § 2679(d) because the Attorney General, through his designee, Kevin R. Erskine, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, has certified that defendant Nicholas Robert Hill was acting within the scope of his employment at the time of the incident out of which this suit arose. (Exhibit A – Certification of Scope of Employment). As such, plaintiff's claim is one against the "United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1).

The above-entitled action was filed against defendants on or about November 25, 2025; formal service of process has not been made upon the petitioner. Copies of all process and pleadings in possession of petitioner are attached hereto.

Respectfully submitted,

**Jerome F. Gorgon Jr.**
United States Attorney

*/s/ Bradley H. Darling*
**Bradley H. Darling** (P63176)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9137
E-mail: bradley.darling@usdoj.gov

Dated: January 13, 2026

## **Certificate of Service**

I hereby certify that on January 13, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

I further certify that service has been made through the State of Michigan's MiFILE filing application upon the following:

Kevin H. Seiferheld
Alexander P. Kemp
Michigan Auto Law, P.C.
30101 Northwestern Hwy.
Farmington Hills, MI  48334

>                               */s/ Bradley H. Darling*
>                               **Bradley H. Darling** (P63176)
>                               Assistant United States Attorney
>                               211 W. Fort Street, Suite 2001
>                               Detroit, Michigan 48226
>                               Phone: (313) 226-9137
>                               E-mail: bradley.darling@usdoj.gov

Dated: January 13, 2026



AUTO ACCIDENT ATTORNEYS

December 23, 2025

Mr. Nicholas Robert Hill
15112 Marsha St.
Livonia, MI 48154-4823

    Re:   Estate of Stephanie Dawn Mellon-Reppen v. Nicholas Hill, et al
           Case No. 25-018756-NI
           Our File No. 11949995

Dear Mr. Hill:

    Enclosed please find the following relative to the above-referenced matter:

- Summons;
- Complaint; and
- Demand for Jury Trial.

    By law, you have twenty-eight (28) days after receiving this Summons to file an answer with the Court, or to take other lawful action. In that regard, please forward the enclosed documents to your insurance company and/or legal counsel. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the Complaint. As such, please read the enclosed documents carefully.

                          Very truly yours,

                          Kevin H. Seiferheld

KHS/evs
Enclosures

**ATTORNEYS**
Steven M. Gursten
Lawrence E. Gursten
Thomas S. Baker
Jordan A.W. Barkey
Todd C. Berg
Derek J. Brackon
Jeffrey A. Bussell
Jordan M. Ewald
Jeffrey H. Feldman*
Lauren A. Gwinn
Brandon M. Hewitt
Jason R. Hodge
Timothy A. Holland
Rick J. Houghton
Christopher C. Hunter
Jordan M. Jones
Alexander P. Kemp
Marco C. Masciulli
Richard A. Moore
Kevin H. Seiferheld
Mark E. Servais
Laura E. Skenderas
Sunny K. Sly
Christopher D. Stombaugh
Joshua R. Terebelo
Jeremy R. Tiedt

**Offices**
Farmington Hills
Grand Rapids
Detroit
Ann Arbor
Sterling Heights

Tax ID: 38-1892093

*Of Counsel

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-018756-NI<br>Hon. Kevin J. Cox |
|---|---|---|

Court telephone no.: 313-224-5487

| **Plaintiff's name(s), address(es), and telephone no(s)**<br>Mellon-Reppen, The Estate of Stephanie Dawn et. Al | v | **Defendant's name(s), address(es), and telephone no(s).**<br>Hill, Nicholas Robert |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Kevin H. Seiferheld 58016<br>30101 Northwestern Hwy Ste 100<br>Farmington Hills, MI 48334-6201 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/25/2025 | Expiration date*<br>2/24/2026 | Court clerk<br>Ibrahim Islam |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



MCL 600.1910, MCR 2.104, MCR 2.105

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN,

   Plaintiff,

vs.

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, a Michigan insurance corporation, and NICHOLAS ROBERT HILL,

   Defendants.
_____/

Case No:  NI
Hon.

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 fax
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
esimon@michiganautolaw.com – assistant
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the United States District Court for the Eastern District of Michigan, where it was given docket number 2:24-cv-13300-JJCG-EAS, and was assigned to the Honorable Jonathan J.C. Grey. The action remains pending.

              Kevin H. Seiferheld

NOW COMES Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by and through its Personal Representative, ABBEY REPPEN (hereinafter referred to as "STEPHANIE

1

DAWN MELLON-REPPEN"), by and through its attorneys, MICHIGAN AUTO LAW, P.C., and states:

1. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

2. That ABBEY REPPEN was appointed in the County of Wayne, State of Michigan, the Personal Representative of the Estate of Decedent STEPHANIE DAWN MELLON-REPPEN. (See Exhibit 1 attached hereto).

3. That Plaintiff's decedent, STEPHANIE DAWN MELLON-REPPEN all times material hereto, was a resident of the City of Livonia, County of Wayne, State of Michigan.

4. That the Personal Representative of the Estate, ABBEY REPPEN, all times material hereto, was a resident of the City of Livonia, County of Wayne, State of Michigan.

5. That Defendant, NICHOLAS ROBERT HILL at all times material hereto, was a resident of the City of Livonia, County of Wayne, State of Michigan.

6. That Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, is a Michigan insurance corporation, authorized to do business in the County of Wayne, State of Michigan, by virtue of the Statues of the State of Michigan and was at all times material hereto, doing business and operating as Plaintiff is informed and believes.

## COUNT I

7. That on or about December 15, 2022, at or about 7:28 p.m., the Plaintiff, STEPHANIE DAWN MELLON-REPPEN, was a pedestrian on westbound I-96, at or near the intersection of Beech Daly, in the Township of Redford, County of Wayne, and State of Michigan.

8. At that time and place, Defendant NICHOLAS ROBERT HILL, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common

Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the Township of Redford.

9. That Defendant NICHOLAS ROBERT HILL did then and there display gross, willful and wanton negligence and misconduct by failing to keep a proper lookout, failing to drive in a manner under a controlled speed for the conditions, striking Plaintiff's decedent, and causing Plaintiff's decedent to be killed.

10. That at the said time and place, Defendant NICHOLAS ROBERT HILL, was guilty of gross, willful and wanton negligence and misconduct as follows:

    A. In driving at an excessive rate of speed, under the conditions then and there existing;

    B. In driving in such a manner as to be unable to stop within the assured clear distance ahead;

    C. In failing to keep a reasonable lookout for other persons and vehicles using said highway;

    D. In failing to properly test the braking of the vehicle he was operating and make sure the vehicle was equipped with proper brakes and/or failing to apply said brakes in time;

    E. In failing to drive with due care and caution;

    F. In failing to take all possible precautions to avoid collisions with other vehicles and pedestrians; and

    G. In failing to make and/or renew observations of the conditions of traffic on the highway.

11. That Defendant NICHOLAS ROBERT HILL was further grossly negligent and negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the Township of Redford.

12. That among the Statutes Defendant NICHOLAS ROBERT HILL violated include, but are not limited to the following:

    M.C.L.     600.2922     Wrongful Death Act;

|  |  |  |
|---|---|---|
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.643 | Following too closely; |
| M.C.L. | 257.705 | Brakes. |

13. That Defendant's gross, willful and wanton negligence and misconduct and negligence was a proximate cause of Plaintiff STEPHANIE DAWN MELLON-REPPEN's decedents fatal injuries and eventual premature death.

14. That at the said time and place, Defendant NICHOLAS ROBERT HILL was guilty of gross, willful and wanton negligence and misconduct and negligence in causing the premature death of Plaintiff's decedent and all damages sustained by the decedent and those damages sustained by the decedent's estate and heirs at law, including but not limited to all those recoverable damages under Michigan's Survivors Statute and/or Wrongful Death Statute, MCL 600.2921 and MCL 600.2922 respectively, including but not limited to the following:

   A. Premature death;

   B. Physical, mental and emotional conscious pain and suffering;

   C. Emotional distress and suffering.

   D. Medical, funeral and burial expenses;

   E. Loss of society and companionship of the decedent;

   F. Loss of services from Plaintiff's decedent;

   G. Compensation for the pain and suffering the decedent experienced while she was conscious before and during the time between her injury and her death;

4

  H. All economic loss allowable under the Michigan Wrongful Death Act, the Michigan Motor Vehicle Code as well as any and all applicable law;

  I. Any other damages allowed under the above cited statutes and/or under Michigan law which may be revealed through the course of discovery;

  J. All damages that are fair and just and that bear the circumstances of this loss.

15. Plaintiff STEPHANIE DAWN MELLON-REPPEN, on behalf of the Estate, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

  A. Funeral and burial expenses in excess of that paid under Michigan No-Fault Law;

  B. Compensation for the pain and suffering the decedent experienced while he was conscious before, during and the time between her injury and her death;

  C. Loss of services of Plaintiff's decedent;

  D. Loss of society and companionship of Plaintiff's decedent;

  E. All economic loss allowable under the Michigan Wrongful Death Act;

  F. All damages that are fair and just and that bear the circumstances of this loss.

16. That should it be determined at the time of trial that the said Plaintiff's decedent was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the gross, willful and wanton negligence and misconduct and negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, now claims judgment for whatever amount she/the estate are found to be entitled under the Michigan Wrongful Death Act, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II
## UNINSURED/UNDERINSURED MOTORIST CLAIM

NOW COMES Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, and adds a Count II as follows:

17. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-16.

18. At the time of the collision, an Uninsured/Underinsured Motorist policy through Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, was in effect and covered Plaintiff's decedent, STEPHANIE DAWN MELLON-REPPEN.

19. Under the terms and conditions of the afore stated automobile Uninsured/Underinsured Motorist insurance policy, Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, became obligated to pay Uninsured/Underinsured Motorist coverage, for and/or on behalf of Plaintiff's decedent, STEPHANIE DAWN MELLON-REPPEN, in the event Plaintiff's decedent sustained bodily injury, and/or excess economic loss, in an accident arising out of the ownership, operation, maintenance or use of a motor vehicle and the responsible tortfeasor(s) has less liability coverage than the underinsured policy limits of Plaintiff's decedent's policy.

20. Plaintiff's decedent, STEPHANIE DAWN MELLON-REPPEN, did sustain accidental bodily injuries and potentially excess economic loss in an automobile accident within the meaning of FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN's policy and of the Michigan No Fault Act being MCL 500.3101 *et seq*.

21. It is strongly anticipated and highly likely that Defendant, NICHOLAS ROBERT HILL, has no liability coverage or less liability coverage than the uninsured/underinsured policy limits of Plaintiff's policy, and that Defendant FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN thus will be responsible for damages.

22. Pursuant to MCR 2.113(F)(1)(b), as the Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, is in possession of its own terms and conditions, the policy of automobile insurance referred to in this complaint need not be attached.

WHEREFORE, Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, now claims judgment for whatever amount it is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT III
## CLAIM FOR ADDITIONAL STATUTORY INTEREST

NOW COMES Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, and adds a Count III as follows:

24. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-23.

25. Under MCL 500.2006 Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, is required to pay Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, uninsured/underinsured motorist benefits within sixty (60) days of receiving satisfactory proof of loss.

26. More than sixty (60) days have passed since Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, provided Defendant with satisfactory proof of loss.

27. Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, however, has failed or refused to pay Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, uninsured/underinsured motorist benefits on a timely basis. As a result, Plaintiff is entitled to interest at a rate of twelve (12%) percent on the unpaid uninsured/underinsured motorist benefits.

WHEREFORE, for the reasons set forth above, Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, requests that this Honorable Court enter judgment in its favor and against Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN , to pay it twelve (12%) percent interest on unpaid uninsured motorist benefits, plus court costs, attorney fees and interest from the date of filing this Complaint.

MICHIGAN AUTO LAW, P.C.

BY: /s/ Kevin H. Seiferheld

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI  48334
(248) 353-7575

Dated: November 25, 2025

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN,

    Plaintiff,

vs.

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, a Michigan insurance corporation, and NICHOLAS ROBERT HILL,

    Defendants.
_____/

Case No:    NI
Hon.

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 fax
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
esimon@michiganautolaw.com – assistant
_____/

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, by and through its attorneys, MICHIGAN AUTO LAW, P.C., and hereby demands a trial by jury in the above-entitled matter.

MICHIGAN AUTO LAW, P.C.

BY: /s/ Kevin H. Seiferheld

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575

Dated: November 25, 2025