**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE ESTATE OF STEPHANIE
DAWN MELLON-REPPEN, by its
personal representative, ABBEY
REPPEN,

         Plaintiff,

v.

FARM BUREAU GENERAL
INSURANCE COMPANY OF
MICHIGAN et al.,

         Defendants.

_____/

Case No. 26-10116
Hon. Jonathan J.C. Grey

**ORDER DENYING AS MOOT THE UNITED STATES OF**
**AMERICA'S MOTION TO DISMISS (ECF No. 6) AND**
**REMANDING CASE**

Defendant United States of America moves to dismiss the complaint in this case, arguing that the claims are barred by the Federal Tort Claims Act's ("FTCA") statute of limitations. (ECF No. 6.) The motion is fully briefed. (ECF Nos. 7, 11.)

For the reasons that follow, the Court **DENIES AS MOOT** the United States' motion to dismiss and **REMANDS** the case back to the Wayne County Circuit Court.

## I.    BACKGROUND

### A.    Current Case

This case arises from an alleged December 15, 2022 motor vehicle accident. (ECF No. 1, PageID.8.) That evening, Stephanie Dawn Mellon-Reppen, a pedestrian on Interstate 96 in Redford Township, Michigan, was struck and killed by a vehicle driven by Defendant Nicholas Robert Hill, a Special Agent of the Drug Enforcement Administration ("DEA"). (*Id.* at PageID.9.)

On November 25, 2025, Plaintiff Abbey Reppen, as personal representative of Mellon-Reppen's estate, filed suit in the Wayne County Circuit Court alleging several state law claims against Hill, as well as uninsured/underinsured motorist claims against Defendant Farm Bureau General Insurance Company of Michigan ("Farm Bureau"). (*Id.* at PageID.6, 8–13.)

On January 13, 2026, the United States filed a notice of removal and substituted as a defendant for Hill, certifying that Hill acted within the scope of his employment as a DEA agent at the time of the alleged accident. (*Id.* at PageID.1–2; ECF No. 1-1; *see also* ECF No. 4.)

2

### B.   Companion Case

On December 11, 2024, Reppen filed a companion case to the present lawsuit as the personal representative of Mellon-Reppen's estate (the "companion case"). *See Mellon-Reppen v. United States of America*, No. 24-cv-13300-JJCG-EAS. In the companion case, Reppen alleged that the United States was liable for negligence in relation to the fatal car accident under the FTCA. *Id.*, ECF No. 1. In that case, Reppen also sued Hill individually. *Id.* On February 19, 2025, pursuant to 28 U.S.C. § 2679(d)(1) and in accordance with the government's notice of substitution, the United States was substituted for Hill as the sole defendant. *Id.*, ECF No. 6.

## II.   ANALYSIS

Critically, in the companion case, this Court granted Reppen's motion to vacate the certification of scope of employment, having found that Hill did not act within the scope of his employment at the time of the accident in this case. *Mellon-Reppen v. United States of America*, No. 24-cv-13300-JJCG-EAS, ECF No. 23. Therefore, the Court removed the government as a defendant from that action and reinstated Hill as the sole defendant. *Id.* Moreover, the Court dismissed that case pursuant to

3

Fed. R. Civ. P. 12(h)(3), because: (1) "the determination that SA Hill was not within the scope of his employment amounts to a failure of a required element of the Federal Tort Claims Act, which provided the Court with subject matter jurisdiction" pursuant to 28 U.S.C. § 1331; and (2) there was no diversity jurisdiction pursuant to 28 U.S.C. § 1332 "as there is not complete diversity of citizenship." *Id.*

For the reasons discussed in depth in the Court's order in the companion case, *see id.*, Hill was not within the scope of his employment at the time of the accident in the companion case **and this case**. As such, the Court removes the government from this action and reinstates Hill as a defendant.

With only Hill and Farm Bureau as defendants, this Court lacks subject matter jurisdiction. First, because the certification of scope of employment provided the  basis for this Court's  jurisdiction (under the FTCA) and the Court vacated it, federal question jurisdiction under 28 U.S.C. § 1331 no longer exists. Second, the Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is not complete diversity between the parties. *Id.* One of the fundamental requirements of diversity jurisdiction is complete diversity, meaning "that no party

share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). However, Reppen and Hill reside in Michigan, and Farm Bureau is a Michigan insurance corporation (ECF No. 1, PageID.8); thus, no diversity of citizenship exists in this case.

Without subject matter jurisdiction, the Court must dismiss this cause of action and remand the case to the Wayne County Circuit Court, where the case was first initiated before the United States' substitution.

## III.   CONCLUSION

Accordingly, and for the reasons above, **IT IS ORDERED** that the United States' motion to dismiss (ECF No. 6) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Wayne County Circuit Court with only Hill and Farm Bureau as defendants.

**SO ORDERED**.

Date: August 3, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

5

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager

6